[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14286
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00008-LGW-RSB

THOMAS L. THOMAS,

Plaintiff-Appellant

versus

KAREN LAWSON,
State Judge, Ohio,
JANET BELL,
State Judge, Ohio,
VINCENT CULLOTTA,
Elected State Judge, Ohio,
DAVID ALLEN BASINSKI,
Retired State Judge, Ohio,
J. KELLY BROOKS,
State Judge, Georgia,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 9, 2019)

Before TJOFLAT, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Thomas L. Thomas, proceeding *pro se*, appeals the dismissal of his complaint brought under 42 U.S.C. § 1983 to 42 U.S.C. § 1986[1] against four Ohio state court judges and one Georgia state court judge. The District Court adopted the Magistrate Judge's report and dismissed the complaint on three separate grounds: (1) the action was frivolous and failed to state a claim; (2) it was not within the power of the court to grant the relief requested; and (3) the defendant judges were entitled to judicial immunity. Thomas argues that his complaint should not have not been dismissed because the judges acted with a clear absence of jurisdiction and thus were not entitled to judicial immunity. He does not address the other reasons for the District Court's dismissal of his complaint.

We liberally construe *pro se* briefs. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). However, despite liberally construing a *pro se* litigant's briefs, we will not make arguments for the parties, and issues not briefed

---

[1] Although, Thomas states that he is asserting a claim pursuant to § 1984, this statute was "omitted" from Title 42. *See* 42 U.S.C. § 1984.

2

are deemed abandoned. *See id*.   Moreover, we "may affirm the district court's ruling on any basis the record supports." *Fla. Wildlife Fed'n Inc. v. United States Army Corps of Eng'rs.*, 859 F.3d 1306, 1316 (11th Cir. 2017).

Furthermore, to "obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).   If an appellant does not address "one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground," and thus, "the judgment is due to be affirmed." *Id*.   "A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Id*. at 681 (quotation omitted).

The only argument that Thomas makes on appeal is that the defendant judges were not entitled to judicial immunity.  He argues that, in his earlier state court cases, the judges entered orders after he had filed a notice for removal.  Once a party files a notice of removal, a state court's jurisdiction terminates. *See* 28 U.S.C. § 1446(d) (stating that, after receiving notice of removal, "the State court shall proceed no further unless and until the case is remanded").  Thus, Thomas maintains, the state judges did not have jurisdiction to enter orders in his cases after he had filed a notice of removal.  And judges are not entitled to immunity

when they act in the "clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam) (quotation omitted).  For this reason, he says, the District Court erred in finding that the defendants were immune.

But Thomas does not address the District Court's other independent grounds for dismissing his complaint.  On appeal, Thomas does not address the District Court's holding that his case was frivolous and failed to state a claim, or that the court lacked the power to grant the relief requested.  Consequently, Thomas waived these grounds.  By abandoning grounds that independently support the District Court's decision, we have no choice but to affirm.  *See Sapuppo*, 739 F.3d at 680.

**AFFIRMED.**